Dear Mr. Wall:
This office is in receipt of request for an opinion of the Attorney General in regard to absentee voting under the new electronic voting system where a registrar of voters provides the wrong ballot to a voter. You indicate the practice with paper ballots had been "to spoil an errant ballot and allow the voter to cast their vote on the proper paper ballot." However, you note it would be exceedingly difficult to apply this practice to the new electronic ballots, and you further point out when the voter cast his vote on the wrong ballot on election day that recourse is election contests.
You set forth the following questions:
 How should the registrar of voters handle a situation wherein a person has cast a vote on the wrong ballot due to an error of the registrar or one of his employees? Should the voter's original ballot be challenged by the registrar? Should the voter be allowed to cast a vote on the proper ballot after a challenge has been made to the original ballot and prior to any decision on the challenged ballot by the Parish Board of Election Supervisors? If the voter is allowed to cast a second, provisional ballot (contingent upon the Board's upholding the challenge on the first ballot), does the Parish Board need to make a decision on both ballots (i.e. upholding the challenge on the first and determining whether to count the second)? Or, should the voter be treated like those persons who vote at the precinct on election day, such that there is no re-vote after the original ballot is cast?
This office has recognized the right of a qualified citizen of Louisiana to vote and to have their votes counted is a fundamental and constitutionally protected right, but further found in Atty. Gen. Op. 02-196A that the jurisprudence has recognized that absentee voting was not designed to ensure a vote but to permit a vote by a statutorily limited and prescribed method. In Adkins v. Huckabay, 755 So.2d 206
(La. 2000) the Louisiana Supreme Court concluded as follows:
 A review of the jurisprudence makes clear that almost without exception this Court has never required strict compliance with our election laws. Both interpretations have their inherent strengths and weaknesses. The weakness in strict compliance, however, are too unforgiving, attendant with harsh consequences. More often than not, electors would be unreasonably disenfranchised necessitating setting aside elections more frequently for the slightest good-faith error. The same objectives can be accomplished with substantial compliance which means actual compliance with respect to the provisions essential to the reasonable objectives of the absentee voting law. After having fully weighed both, we conclude that in the absence of legislative direction to the contrary, Louisiana's absentee voting law does not require strict compliance. We find substantial compliance a more just and reasonable approach in resolving the problems posed by irregularities in absentee voting.
This office finds no statutory provisions that are relative to the procedure to be followed in the situation you present of an error in absentee voting under the electronic system where a registrar of voters provides the wrong ballot to a voter, and the error is only discovered by the voter after a vote has been cast. However, as noted hereinabove, the absentee voting law does not require strict compliance, and substantial compliance is a more reasonable approach in resolving the problem which would be accomplished by allowing the voter to cast a second vote and a subsequent challenge made to the first ballot.
In regard to this issue it is pertinent to recognize that at the present time pursuant to R.S. 18:1353 the commissioner of elections heads the Department of Elections and Registration and shall prescribe uniform rules and regulations with respect to use of voting machines in the conduct of elections after consulting with the secretary of state and State Board of Election Supervisors. Additionally, in R.S. 18:1391 the commissioner of elections is authorized to utilize absentee ballot counting equipment; and under R.S. 18:1392 to determine the specific type of absentee counting equipment used in a parish for an election. R.S.18:1394 then provides that "the State Board of Election Supervisors may promulgate rules and regulations specifying the form of the absentee ballot used in an election, the manner in which such ballot shall be executed by the voter, and the specific procedures used in tabulating the absentee results of the election."
Not having found any pertinent statutory provision relative to your inquiry, we would suggest in order to establish a procedure to be followed to resolve a situation as set forth herein, that you contact the commissioner of elections to promulgate rules to be followed to correct an absentee vote cast on an electronic voting system where the error can be attributed to a mistake of the registrar of voters.
We hope this sufficiently responds to your inquiry.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
cc: Hon. Suzanne Haik Terrell Hon. W. Fox McKeithen
Date Released: September 27, 2002